# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN D. ROUSSIN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17CV2917 HEA |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff is not disabled and thus not entitled to disability insurance benefits or supplemental security income under Title II, 42 U.S.C. §§ 401-434, and Title XVI, 42 U.S.C. § 1381-1385, respectively. For the reasons set forth below, Commissioner's decision is affirmed.

**Facts and Background**

Plaintiff filed his applications for disability insurance benefits under Title II, and for SSI under Title XVI, on August 29, 2014 and October 28, 2014, respectively. Plaintiff was born in 1963, reported a high school education (GED), and alleged disability beginning April 10, 2014. Plaintiff's insured status under Title II of the Act expired on June 30, 2016. In his Disability Report, Plaintiff

alleged disability due to degenerative disc disease of the low back, osteoarthritis, and stenosis.

The ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, obesity, and chronic obstructive pulmonary disease (COPD). The ALJ did not find Plaintiff had an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Plaintiff was determined to be able to lift up to 20 pounds occasionally, lift and carry up to 10 pounds frequently, stand and walk with normal breaks for about six hours in an eight hour day. He can sit with normal breaks for about six hours in an eight hour day. Plaintiff can never climb ladders, ropes, or scaffolds, but can occasionally climb stairs and ramps. He can occasionally balance, stoop, kneel, crouch, and crawl. Plaintiff can have no exposure to extreme heat or cold, humidity, excessive vibration, irritants, unprotected heights, or hazardous machinery. The ALJ concluded that Plaintiff's impairments would not preclude him from performing work that exists in significant numbers in the national economy, those jobs including the light and unskilled jobs of folder, cleaner, and counter attendant.

## Standard for Determining Disability

The standard of review here is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). Substantial evidence is less than preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See id.*

The Court must consider evidence that both supports and detracts from the Commissioner's decision but cannot reverse the decision because substantial evidence also exists in the record that would have supported a contrary outcome, or because it would have decided the case differently. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). If the Court finds that the evidence supports two inconsistent positions and one of those positions represents the Commissioner's findings, the Court must affirm the Commissioner's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The Eighth Circuit has stated that "[w]e defer heavily to the findings and conclusions of the Social Security Administration." *Id.* (quoting *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010)).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the

"listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he

considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id*. § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on his ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

If the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

If the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see* 20 C.F.R. § 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). The

Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id*. If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id*. § 416.920(a)(4)(iv).

If the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

**Evidentiary Hearing and ALJ's Decision**

**A: Did the ALJ Fail to Fully and Fairly Develop the Record?**

At the administrative hearing, Plaintiff testified that he was unable to continue doing his former job of driving a truck and unloading furniture because of his back pain. He was given progressively fewer unloading assignments, and was switched to just washing cubicle windows. This became too demanding as well. Plaintiff takes two medications for his back. One is anti-inflammatory; the other is for pain. Plaintiff testified that he continues to smoke. He also testified that he experiences anxiety, but takes no medication for the anxiety and has never discussed it with his physician. Plaintiff can shower on his own, but has difficulty breathing while showering, if he is rushed. Anything type of activity that has to do with walking results in Plaintiff wheezing. He is short-winded, especially when carrying groceries. He has had to stop and rest when going up or down a flight of stairs and when sweeping.

Plaintiff argues that the ALJ did not fully develop the record because he did not obtain medical evidence that addressed Plaintiff's ability to function in the workplace.

The ALJ discussed the objective medical findings presented in the record. Plaintiff's MRI showed narrowing of the L4-5 disc space with lateral recess stenosis, but without bone marrow edema, contusion, or replacement, and nerve roots of equal size and signal. Plaintiff showed reduced ranges of motion in the lumbar spine to 85 degrees of flexion 20 degrees of extension and 30 degrees of

11

lateral flexion during a February 2013 examination. The ALJ determined that although the findings confirmed the presence of lumbar spine degenerative disc disease, this evidence did not support the degree of limitation Plaintiff claimed. Plaintiff had, at the February 2013 exam full ranges of motion of the hips, knees, and ankles, without edema and normal deep tendon reflexes. Again, in November 2013, Plaintiff had pain with motion of the lumbar spine, but had full range of motion of the upper and lower extremities, no synovial swelling, and normal deep tendon reflexes.

Consultative examining physician Dr. Spivack found, in January 2015, that Plaintiff's back was non-tender, Plaintiff had a normal gait and could stand on his heels and toes. Plaintiff was able to get around the room without difficulty. Some slightly reduced cervical ranges of motion and reduced lateral flexion of the lumbar spine were observed by Dr. Spivack. Plaintiff also had full flexion-extension of the lumbar spine. Plaintiff did show positive straight leg raising bilaterally at 8 degrees, but also showed normal 5/5 muscle strength of the upper and lower extremities, normal 5/5 grip strength, normal deep tendon reflexes, and normal sensory testing.

With respect to Plaintiff's COPD, Plaintiff's pulmonary function tests were consistent with COPD and showed some worsening in the January 2015 test from the February 2013 test. Both tests, however, were below Listing Level. During

exams in November 2013 and September 2015, Plaintiff showed normal respiratory efforts and a normal inspection. Plaintiff indicated in November 2014 that he could walk one-half to an hour without needing to stop and rest. The record also establishes that Plaintiff continued to smoke heavily despite his breathing troubles and medical advice to stop smoking. *See Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000) citing *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997); *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("[A]n ALJ may properly consider the claimant's . . . failing to take prescription medications, seek treatment, and quit smoking.")

Based on the evidence in the record, the ALJ took all of Plaintiff's medical issues into consideration and factored them into his determination of what Plaintiff is capable doing. He placed limitations on the types of work he can perform; light range of work with specific limitations regarding physical and environmental limitations.

The ALJ's findings were supported by the medical evidence in the record, and there was substantial evidence for him to determine that Plaintiff could perform in the workplace.

> "[w]hile an ALJ does have a duty to develop the record, this duty is not never-ending. . . . The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Because the medical evidence in

the record constituted sufficient evidence of [Plaintiff's] RFC, the ALJ was not required to further develop the record before him.

*Gilby v. Commissioner, Social Security Administration*, Cause Number 18-2395 (8th Cir. March 18, 2019).

## B. Did the ALJ Fail to Properly Consider Residual Functional Capacity (RFC).

To be sure, "[b]ecause a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* Thus, even were NP Price considered an acceptable medical source whose opinion is "normally entitled to great weight," the Commissioner still "may assign little weight to a treating physician's opinion when it is either internally inconsistent or conclusory." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018). In other words, a "treating physician's opinion does not automatically control, since the record must be evaluated as a whole." *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). "The regulations require that the ALJ 'always give good reasons' for the weight afforded to a treating physician's evaluation." *Id*. at 921, citing 20 C.F.R. § 404.1527(d)(2).

Plaintiff argues that the ALJ did not properly determine Plaintiff's RFC. He argues the ALJ should have considered sedentary work for Plaintiff and had he

14

assessed the sedentary work specifications, Plaintiff would meet the requirements to qualify for benefits. Plaintiff argues that the ALJ failed to adequately explain how Plaintiff can stand and walk six hours per day with his breathing obstruction. As the ALJ pointed out, Plaintiff's claims can be discounted because of his failure to quit smoking even though his physician advised him to do so.

The ALJ noted that he considered all symptoms and the opinion evidence in the record. The ALJ noted that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record. The hypothetical question posed to the VE was based on the ALJ's findings and limitations needed for Plaintiff's medically established impairments. The hypothetical question includes only those impairments that the ALJ found credible. The ALJ articulated Plaintiff's impairments and included them in his hypothetical question; he was not required to limit the hypothetical beyond what the evidence in the record established. The ALJ properly assessed Plaintiff's RFC and included the proper limitations, based on substantial evidence in the record, in his hypothetical question to the VE.

**Conclusion**

Based upon the foregoing, the ALJ's decision is based upon substantial evidence in the record.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same dated.

Dated this 18th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE